UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEE FIREARMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 26 C 730 |
| | ) | |
| MJS FIREARMS, LLC, MYCHAEL P. WALLER, SR., and PATRICE FLAGG-WALLER | ) ) ) | |
| | ) | (Formerly case nos. 23MI500425, Circuit Court of Cook County, Illinois) |
| Defendants. | ) | |
| | ) | |
| In the matter of a Subpoena to the BUREAU OF ALCOHOL, TOBACCO, FIREARMS and Explosives. | ) ) ) | |

## NOTICE OF REMOVAL

To:  Alexander Michael  
      Law Office of Alexander Michael  
      111 W. Jackson Blvd.  
      Suite 1700  
      Chicago, il 60604  
      Attorney for plaintiff

Andrew N. Jovanovic,  
Kellogg, Abrams & Jovanovic, L.L.C.  
105 W. Madison, Suite 1300  
Chicago, Illinois 60602  
aj@kjchicagolaw.com

Attorney for defendants

Clerk of the Circuit Court  
of Cook County  
50 West Washington Street  
Chicago, Illinois 60602

      The Bureau of Alcohol, Tobacco, Firearms, and Explosives, by its attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, submits the notice of removal of the subpoena issued to it in the above-captioned civil action along with the related order directing compliance with said subpoena from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1442(a)(1), and in support states the following:

1.	On December 30, 2026, the state court entered an order that directed the Bureau of Alcohol, Tobacco, Firearms, and Explosives to comply with a subpoena issued by the plaintiff in that case.  Ex. 1. at 1-4 (state court order and subpoena).

2.	Because of sovereign immunity, state courts may not compel production of records or compliance with discovery by federal agencies or officials, or persons working under the direction of federal agencies or officials.  *Edwards v. Department of Justice*, 43 F.3d 312, 317 (7th Cir. 1994); *Dunne v. Hunt*, 2006 WL 1371445, *4 (N.D. Ill., May 16, 2006) (because the United States and its agencies are immune from state court process unless sovereign immunity has been waived, a state court lacks jurisdiction to enforce a subpoena issued to a federal official).

3.	Because the state court lacked jurisdiction against the ATF, this court acquires no jurisdiction upon removal, and the state court subpoena and related contempt proceedings should therefore be dismissed.  *Edwards*, 43 F.3d at 316; *Illinois v. Holmes*, 2017 WL 2345631, * 2 (N.D. Ill. May 30, 2017); *Hyde v. Stoner*, 2012 WL 689268, *2 (N.D. Ill. March 2, 2012) (vacating and dismissing state divorce court order compelling disclosure of EPA personnel records for lack of jurisdiction); *see also Ricci v. Salzman*, 976 F.3d 768 (7th Cir. 2020).

WHEREFORE, the state-court subpoena and related contempt proceedings are properly removed to this court pursuant to 28 U.S.C. § 1442(a).

        Respectfully submitted,

        ANDREW S. BOUTROS
        United States Attorney

        By: s/ Eric Allison
           ERIC ALLISON
           Assistant United States Attorney
           219 South Dearborn Street
           Chicago, Illinois 60604
           (312) 353-7919
           eric.allison@usdoj.gov